## IN THE UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W MILLSAPS, individually | : | MDL 875 |
| and as the personal representative of the | : | |
| Estate of BRENDA LEE MILLSAPS | **:** | |
| | **:** | |
| v. | : | |
| | : | |
| ALUMINUM COMPANY OF AMERICA, | : | EDPA CIVIL NO. |
| et al**.** | **:** | 10-84924 |

### <u>MEMORANDUM</u>

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                   January 23, 2012

Presently before the court is Defendant Alcoa Inc.'s Motion to Quash Subpoena

and for Protective Order (Doc. 40), plaintiff's response (Doc. 42) and Alcoa's reply (Doc.

55).  On January 11, 2012, I held a telephone conference with counsel on the motion.  For

the reasons that follow I will deny the motion.

In this matter plaintiff claims that Brenda Lee Millsaps died of mesothelioma

caused by exposure to asbestos fibers from clothes worn by her father-in-law, who

worked at Alcoa's Tennessee Operations from 1965 to 1996.  Plaintiff issued a deposition

notice for Mark R. Cullen, M.D., followed by a deposition subpoena after being advised

that Dr. Cullen was a non-party witness.  Alcoa asks that the subpoena be quashed and

that a protective order issue prohibiting the deposition, on the grounds that Dr. Cullen has

been retained as a consulting witness in this matter, that Dr. Cullen does not have relevant

information to provide, and that the information plaintiff seeks is more properly found by

way of a corporate designee deposition.  Plaintiff argues that Dr. Cullen has relevant

information, having served as Alcoa's consultative medical director since 2007, and that Alcoa has not met its burden with respect to the relief it seeks.

The parties offer different perspectives on Dr. Cullen's status vis-a-vis Alcoa. Dr. Cullen's resume identifies his position as "Senior Medical Advisor, Alcoa Inc., 1997-current." See Doc. 42-2 at 5; Doc. 55-1 at 6. It does not appear disputed that he was never an Alcoa employee, but rather worked as a consultant primarily through his position at Yale University. According to plaintiff, Dr. Cullen has factual knowledge regarding Alcoa's historical policies and programs relevant to asbestos. Further, through his position as medical advisor, plaintiff argues that he would have known about Alcoa's industrial hygiene and safety programs related to asbestos both before and after he began working with Alcoa in 1997, and would have had access to Alcoa's medical and industrial hygiene staff and archives. Additionally, plaintiff refers to other cases in which Dr. Cullen testified (which Alcoa submits were in cases in which it was not a party), wherein he expressed his opinion with respect to the risk of contracting mesothelioma based on exposure to chrysotile asbestos and other opinions regarding asbestos-related disease. See Doc. 42 at 8-9. Plaintiff states that he seeks to depose Dr. Cullen "about his time as Alcoa's medical director including his factual knowledge regarding historical Alcoa programs and polices, Alcoa studies and databases, industrial hygiene, etc., his medical publications on asbestos issues and their contents, and his testimony in past cases." Doc. 42 at 16.

Alcoa disputes the relevance of any of this testimony, and also relies on Dr. Cullen's current status as a consulting expert in this case to prevent the deposition.  Alcoa provided no factual support for its position with its motion, however it did include an affidavit of Dr. Cullen with its reply brief.  See Doc. 55-1.  In that affidavit Dr. Cullen states that he has been retained as a consulting expert by Alcoa in this matter, although provides no details as to the time or nature of his consulting work.  He is currently affiliated with Stanford University, and serves as a medical consultant and investigator to Alcoa pursuant to a contract between Alcoa and Stanford entered January 1, 2011.  With respect to his relationship with Alcoa beginning in 1997, he states that "Yale agreed to fulfill certain corporate medical responsibilities for Alcoa" and that he formally consulted on "certain corporate medical issues."  Id. ¶ 6.  His duties included advising senior executives on health-related matters, promoting employee wellness, evaluating and developing health standards, and overseeing research relating to products used in the aluminum manufacturing process, among others.  Id.  However, he states that his work was not focused on asbestos, and that his work focused on occupational medicine rather than industrial hygiene. Id. ¶ 9.

The question presented by Alcoa's motion concerns the interplay of a number of the Federal Rules of Civil Procedure concerning the taking of discovery.  Generally speaking, Rule 30 authorizes the deposition of any witness who possesses relevant information, and the witness's presence can be compelled by subpoena under Rule 45.

3

<u>See</u> Fed. R. Civ. P. 30(a)(1).  The rules allow a party to object to the discovery of privileged or protected information, but do not bar the taking of a deposition on the ground that the deponent might possess protected information.  <u>See id.</u> R. 26(b)(5) (party may withhold discoverable information on ground of privilege), 30(c)(2) (witness may be instructed not to answer when necessary to preserve a privilege).  A witness whose only knowledge is as a trial consultant is an exception to this rule.  "Ordinarily, a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," unless the party shows exceptional circumstances.  <u>Id.</u> R. 26(b)(4)(D).  However, this does not bar a deposition where the witness has relevant knowledge outside his or her role as a consulting expert, and appropriate precautions can be taken at the deposition under Rule 30(c)(2) with respect to the witness's protected information.  <u>See id.</u> R. 26(b)(4) advisory committee's note to 1970 amendments ("the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit"); <u>Harasimowicz v. McAllister</u>, 78 F.R.D. 319, 320 (E.D. Pa. 1978) (protections of Rule 26(b)(4) are not triggered when opponent attempts to discover information that was not obtained or developed in anticipation of the litigation); <u>see also</u> <u>In re Long Branch Mfrd. Gas Plant</u>, 907 A.2d 438, 445-46 (N.J. Super. 2005) ("Experts . . . fall

outside the protection of either federal or state consulting expert privilege rules when they
simultaneously are an ordinary actor or witness in a dispute.").

    The court may issue a protective order "for good cause . . . to protect a party or
person from annoyance, embarrassment, oppression, or undue burden or expense," and
such order may prohibit the discovery or place appropriate limits on it.  See Fed. R. Civ.
P. 26(c); see also id. R. 30(d)(3) ("deponent or party may move to terminate or limit [a
deposition] on the ground that it is being conducted in bad faith or in a manner that
unreasonably annoys, embarrasses, or oppresses the deponent or party").  Similarly, a
court must quash a subpoena if compliance would require the disclosure of privileged
information or subject the person to undue burden.  Id. R. 45(c)(3)(A).  To show undue
burden under this rule, the party "must show a 'clearly defined and serious injury.'" City
of St. Petersburg v. Total Containment, Inc., Misc. Case No. 07-191, 2008 WL 1995298,
at *2 (E.D. Pa. May 5, 2008) (quoting Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D.
588, 592-93 (D. Kan. 2003)).

    It is apparent that the protections of Rule 26(b)(4)(D) to not apply outright to
prevent the deposition of Dr. Cullen.  Regardless of his consulting role with respect to
this case, he clearly is in possession of relevant information concerning Alcoa's historical
policies and programs respecting the health and welfare of its employees, including
regarding asbestos.  Therefore, the deposition will not be barred on this ground, and

Alcoa will be permitted to raise objections as to protected information as appropriate during the deposition.

Alcoa also argues that plaintiff seeks information from Dr. Cullen that more properly falls under Rule 30(b)(6), which refers to the deposition of an entity, to which the entity responds by designating one or more individuals to testify with respect to the matters identified in the deposition notice.  Although plaintiff issued the deposition to Dr. Cullen, not to Alcoa, the primary matters plaintiff identifies in its brief sound much like those of a typical corporate designee deposition – Alcoa's historical policies and programs relevant to asbestos, Alcoa's industrial hygiene and safety programs related to asbestos, and Alcoa's medical and industrial hygiene staff and archives.  However, Alcoa offers no argument or caselaw supporting the proposition that because plaintiff may ask questions that overlap with questions asked of a Rule 30(b)(6) witness, plaintiff is not permitted to depose Dr. Cullen.  Certainly, the Rules allow the court to curtail discovery that is overly repetitive and duplicative.  The parties are currently attempting to schedule the deposition of Alcoa's corporate witness, Jeff Shockey.  To prevent unnecessary duplication, I will direct that Mr. Shockey's deposition take place first.

Finally, Alcoa argues that plaintiff's true motive is to elicit Dr. Cullen's "inflammatory" opinions with respect to the risks of asbestos exposure.  See Doc. 55 at 7.  Plaintiff does not dispute that it will elicit Dr. Cullen's opinions in this area, and indeed plaintiff mentioned such opinions in opposing Alcoa's motion, as noted above.  Alcoa

argues that Dr. Cullen has previously testified to these opinions, making his testimony here duplicative and unnecessary.  However, they are not duplicative on the record in plaintiff's case.  Furthermore, although the relevance of Dr. Cullen's opinions is at best limited in that he has not been identified as a trial witness by either party, I am not prepared to say that his opinions are beyond the bounds of discoverable information.  <u>See</u> Fed. R. Civ. P. 26(b)1) ("reasonably calculated to lead to the discovery of admissible evidence").

An appropriate Order follows.